**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WENDY ELIZALDE BENALCAZAR,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | Civil Action No. 26-14224 (BRM)<br><br>**MEMORANDUM AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Wendy Elizalde Benalcazar's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing that she is unlawfully detained. (ECF No. 1.) Respondents filed an answer. (ECF No. 5.)

Petitioner, a citizen of Ecuador, entered the United States on January 2, 2024. (ECF No. 1 at 2.) On October 24, 2026, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner. (*Id.*)

On October 30, 2026, Petitioner filed this Petition arguing her detention without an individualized determination violates her constitutional rights. (*See generally id.*) Respondents filed a response submitting Petitioner is lawfully detained under § 1226(a) and has received a bond hearing, where the IJ granted her release on bond. (ECF No. 5.)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes

jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under Section 1226(a), which authorizes the Government to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 36 at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an immigration judge, and to appeal the IJ's decision to the Board of Immigration Appeals. *See, e.g., Borbot*, 906 F.3d at 278–79; *see also* 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the non-citizen bears the burden of proving that he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

Petitioner has received a bond hearing as required under § 1226(a) and has been granted release on bond. *Zheng*, 826 F. Supp. 3d at 554. As Petitioner has received the process owed to a non-citizen detained under § 1226(a), and the relief sought in her Petition, and the Petition is denied.

Accordingly, and for good cause appearing,

**IT IS** on this 6th day of November 2026,

**ORDERED** that Petitioner's Petition (ECF No. 1) is **DENIED without prejudice**; it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**